[843 NYS2d 100]

# In the Matter of BARRY LEE CHASKY, an Attorney, Resignor.

Second Department, September 11, 2007

**APPEARANCES OF COUNSEL**

*John M. Burns III*, New York City, for resignor.

*Rita E. Adler*, Hauppauge (*Stacey J. Sharpelletti* of counsel), for Grievance Committee for the Tenth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Barry Lee Chasky has submitted an affidavit dated April 24, 2007, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Chasky was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 15, 1978.

Mr. Chasky has been engaged for the past several years in operating Triad Abstract, Ltd. (hereinafter Triad), as an agent of First American Title Insurance Company of New York (hereinafter First American).

In his affidavit, Mr. Chasky acknowledges that the ongoing investigation by the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) has resulted in allegations which would form the basis upon which a request would be made to the Appellate Division for authorization to institute and prosecute a disciplinary proceeding against him. It is alleged that Mr. Chasky received and was entrusted with escrow and other fiduciary funds on First American's behalf. Between approximately December 2005 and October 2006, he loaned more than $1 million to James H. Gomez and 213 Union St. Realty Corp., using First American funds entrusted to Triad. The loans were made without First American's consent or knowledge. To date, only the sum of $300,000 has been repaid.

Mr. Chasky acknowledges his inability to successfully defend himself on the merits with respect to any disciplinary charges initiated against him by the Grievance Committee based upon the facts and circumstances of his professional misconduct.

Mr. Chasky avers that his resignation is freely and voluntarily tendered and that he is not being subject to coercion or duress by anyone. He has discussed his decision to resign with his attorney and others whose advice and counsel he respects. Mr. Chasky is fully aware of the implications of submitting a resignation, including being barred by Judiciary Law § 90 from seeking reinstatement for at least seven years.

Mr. Chasky's resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the proffered resignation.

Inasmuch as Mr. Chasky's resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and effective immediately, Barry Lee Chasky is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and MASTRO, JJ., concur.

Ordered that the resignation of Barry Lee Chasky is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Barry Lee Chasky is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Barry Lee Chasky shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Barry Lee Chasky is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the resignor, Barry Lee Chasky, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).